JUDGE BLAKEY
MAGISTRATE JUDGE FUENTES
FILED
3/24/2023
SMB  23CR171
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. |
| v. | Violations: Title 18, United States Code, Sections 371 and 1952 |
| ALEX NITCHOFF | |

## COUNT ONE

The ACTING UNITED STATES ATTORNEY charges:

1. At times material to this information:

   a. Cook County was a local government located in the Northern District of Illinois that received more than $10,000 in federal benefits in each of calendar years 2016, 2017, 2018, and 2019.

   b. Individual A was a real estate developer and owner of several real estate companies.

   c. Defendant ALEX NITCHOFF, who was a relative of Individual A, owned a construction company and was involved in the operation of Individual A's companies.

   d. The companies owned and operated by NITCHOFF and Individual A in turn owned real estate located in Cook County (the "Nitchoff family properties").

   e. Individual B was an employee of NITCHOFF's construction company. Individual B also owned several parcels of real estate within Cook County (the "Individual B properties").

f. The Cook County Assessor's Office ("CCAO") was a Cook County governmental office responsible for setting fair and accurate values for real estate within Cook County. To administer this task, the CCAO reassessed one-third of the properties located in the county each year. The assessed property values were used to calculate property taxes, with lower taxes resulting from lower property value assessments and higher taxes resulting from higher property value assessments.

g. A taxpayer could challenge an assessment made by the CCAO by, among other things, filing an appeal with the CCAO seeking to reduce the assessed value.

h. Lavdim Memisovski was employed by the CCAO as a commercial group leader and was an agent of Cook County and the CCAO. As a commercial group leader, Memisovski assessed property values for Cook County commercial properties and reviewed property tax appeals for commercial properties.

i. Family Member 1 was a relative of Memisovski. Family Member 1 operated a company engaged in the electrical contracting business.

2. Beginning in or around 2016, and continuing through in or around June 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ALEX NITCHOFF,

defendant herein, did conspire with Individual A, Individual B, and other persons known and unknown to the Grand Jury, to corruptly give, offer, and agree to give things of value, namely, home improvement materials, home improvement services, contracts for electrical work, jewelry, meals, sporting events tickets, and other items,

2

for the benefit of Memisovksi, intending that Memisovski, an agent of Cook County, be influenced and rewarded in connection with any business, transaction, and series of transactions of Cook County involving things of value of $5,000 or more, namely, the reduction in the assessed value of property located in Cook County, in violation of Title 18, United States Code, Section 666(a)(2).

### Manner and Means of the Conspiracy

3. It was part of the conspiracy that, for the purpose of corruptly influencing and rewarding Memisovski in connection with his assessment of property values and his review of property tax appeals concerning the Nitchoff family properties, Individual B properties, and other properties, NITCHOFF and others agreed to provide private benefits to Memisovski and to Family Member 1.

4. It was further part of the conspiracy that NITCHOFF, Individual A, Individual B, and others arranged for companies to provide home improvement services and home improvement materials to Memisovski and others, and did not require Memisovski and others to pay for these services and materials.

5. It was further part of the conspiracy that NITCHOFF, Individual A, and Individual B, and others provided jewelry, meals, and sporting events tickets to Memisovski and associates of Memisovski at no cost to them.

6. It was further part of the conspiracy that NITCHOFF, Individual A, and Individual B, and others caused work to be awarded to Family Member 1's company, and caused Family Member 1 and Family Member 1's company to be paid for this work.

7. It was further part of the conspiracy that, in return for the benefits provided to him and Family Member 1, Memisovski took official action to benefit NITCHOFF, Individual A, Individual B, and others, including but not limited to: (i) ensuring that appeals of property assessments were routed to Memisovski within the CCAO, (ii) extending deadlines for the filing of appeals, and (iii) reducing assessed property values.

8. It was further part of the conspiracy that NITCHOFF, Individual A, Individual B, and others used cellular phones to discuss their plans and the progress of the conspiracy.

9. It was further part of the conspiracy that NITCHOFF and his co-conspirators misrepresented, concealed and hid, and caused to be misrepresented, concealed and hidden, and attempted to misrepresent, conceal and hide acts done in furtherance of the conspiracy and the purpose of those acts.

### Overt Acts

10. It was further part of the conspiracy that NITCHOFF and his co-conspirators committed and caused to be committed one or more of the overt acts, within the Northern District of Illinois and elsewhere, in furtherance of and to effect the objects of the conspiracy, including but not limited to the following:

   a. On or about May 26, 2017, Memisovski placed a call to NITCHOFF during which they discussed the construction of a shed at Memisovski's residence.

b.  On or about July 14, 2017, NITCHOFF caused a check to be made in the amount of approximately $1,901.20 payable to the order of Family Member 1's company.

c.  On or about July 31, 2017, NITCHOFF placed a call to Individual B, during which call NITCHOFF gave Individual B instructions concerning the construction of a shed at Memisovski's residence.

d.  On or about August 18, 2017, NITCHOFF placed a call to Memisovski, during which call NITCHOFF told Memisovski that NITCHOFF would send a worker to install gutters at Memisovski's house.

e.  In or around May 2018, NITCHOFF gave Memisovski a check made payable to the order of Family Member 1.

f.  On or about December 21, 2018, Individual B placed a call to Memisovski, during which call Individual B explained that a worker would be arriving at Memisovski's house to work on the drywall.

g.  On or about May 23, 2019, NITCHOFF met with Memisovski, during which meeting NITCHOFF (i) offered Memisovski the use of NITCHOFF's Florida house and (ii) asked Memisovski if Memisovski had other house projects that needed work because NITCHOFF was "gonna owe ya."

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

The ACTING UNITED STATES ATTORNEY further charges:

On or about July 31, 2017, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ALEX NITCHOFF,

defendant herein, used a facility in interstate commerce, namely, a cellular telephone assigned telephone number (773) XXX-5110, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely, a violation of Chapter 720 Illinois Compiled Statutes § 5/33-1(a) (bribery), and thereafter, the defendant did perform, did cause to be performed and attempt to perform an act to carry on and facilitate the promotion and carrying on of said unlawful activity;

In violation of Title 18, United States Code, Section 1952(a)(3).

## COUNT THREE

The ACTING UNITED STATES ATTORNEY further charges:

On or about August 18, 2017, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ALEX NITCHOFF,

defendant herein, used a facility in interstate commerce, namely, a cellular telephone assigned telephone number (773) XXX-5110, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely, a violation of Chapter 720 Illinois Compiled Statutes § 5/33-1(a) (bribery), and thereafter, the defendant did perform, did cause to be performed and attempt to perform an act to carry on and facilitate the promotion and carrying on of said unlawful activity;

In violation of Title 18, United States Code, Section 1952(a)(3).

STEVEN DOLLEAR
Digitally signed by STEVEN DOLLEAR
Date: 2023.03.24 11:03:28 -05'00'

Signed by Steven J. Dollear
on behalf of the
ACTING UNITED STATES ATTORNEY